IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| ATG TRUST COMPANY, N.A. <br> as Independent Administrator of the Estate of <br> KARAKA WALLS Deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF CHICAGO, a Municipal <br> Corporation, and ALEJANDRO CABRAL, <br> ROBERT HERNANDEZ, and JUAN <br> BELMONTES, Officers of the Chicago Police <br> Department, <br><br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br>Court No. 12 CV 05275 <br><br><br><br><br><br><br><br>Honorable Charles R. Norgle, Sr <br>Magistrate Honorable Maria Valdez |

### FIRST AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, by and through its attorneys, ROMANUCCI & BLANDIN, LLC, and in complaining against Defendants, CITY OF CHICAGO, a municipal corporation and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, Officers of the Chicago Police Department, pleading hypothetically and in the alternative, states as follows:

### JURY DEMAND

1. The Plaintiff hereby demands a trial by jury.

## NATURE OF ACTION

2. This cause of action arises out of the shooting death of Plaintiff's decedent, KARAKA WALLS (hereinafter referred to as "WALLS") caused by defendant officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, on December 28, 2011, at or near 9544 South Avenue L in Chicago, Illinois.

3. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against the CITY OF CHICAGO and Chicago Police Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S. C. § 1331 over Plaintiff's § 1983 claim.

5. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367 because said claims are so related to Plaintiff's § 1983 claim, which is within this Court's original jurisdiction, since they arise out of the same case or controversy, the shooting death of WILSON, under Article III of the United States Constitution.

6. Venue is proper herein under 28 U.S.C. § 1391(b) since the parties reside, or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

## PARTIES

7. Defendant, CITY OF CHICAGO, is a municipal corporation organized under the laws of the State of Illinois.

8. That at all times relevant hereto, Defendant, CITY OF CHICAGO, was a

municipal corporation maintaining, as a division of said municipal corporation, a certain police department, commonly referred to as the Chicago Police Department.

9. That at all times relevant hereto, Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were employed as Chicago Police Department Officers. (See Doc. 12).

10. That at all times relevant hereto, Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were acting in their scope of employment as officers employed by Chicago Police Department Officers with the Defendant, CITY OF CHICAGO, and were acting under the color of law.

11. That at all times relevant hereto, and at the time of his death on December 28, 2011, KARAKA WALLS (hereinafter referred to as "WALLS"), deceased, was a citizen of the United States and a resident of Cook County, Illinois.

12. That on May 29, 2012, Plaintiff, ATG TRUST COMPANY, N.A., was appointed as the Independent Administrator for the Estate of WALLS by the Probate Division of the Circuit Court of Cook County, No. 2012 P 002463.

## FACTUAL ALLEGATIONS

13. That on December 28, 2011, Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, while on duty as Chicago Police Officers, responded to an alleged domestic battery at or around 9544 South Avenue L in Chicago, Illinois.

14. That on said date and at said location, WALLS, had allegedly been involved in a verbal altercation with a neighbor, Kenny Jones, at the home WALLS shared with his family which was a third floor apartment located at 9544 South Avenue L in Chicago, Illinois.

15. That on said date and at said location, several members of WALLS' family and Kenny Jones were also present in the third floor apartment located at 9544 South Avenue L in Chicago, Illinois when the Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, arrived.

16. That on said date and at said location, when the Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, arrived, WALLS, was in the possession of a knife and was holding said knife down by his side.

17. That on said date and at said location, when the Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, arrived, Kenny Jones, was several feet away from WALLS.

18. That Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, without lawful cause, need, or explanation, pulled out their service pistols and opened fire on WALLS, shooting him several times.

19. That as a result of the shots, WALLS fell to the ground.

20. That WALLS, as a result of the multiple gunshot wounds, was pronounced dead on or about December 28, 2011.

21. That at all times relevant hereto, Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, used inappropriate, unwarranted, and unjustifiable force against WALLS when Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, fired multiple shots at WALLS at close range, striking WALLS repeatedly.

22. That at all times relevant hereto, WALLS, remained in a stationary position holding the knife in his possession with the blade pointed down by his side, and posed no threat

of harm to Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, or the public.

## COUNT I – 42 U.S.C. §1983—EXCESSIVE FORCE
*(Plaintiff v. City of Chicago and Cabral, Hernandez and Belmontes)*

1-22.  Plaintiff hereby incorporates by reference paragraphs one through twenty-two (1-22) as though fully stated and plead herein.

23.  That at all times relevant hereto, defendant CITY OF CHICAGO, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, owed a duty of care to plaintiff to refrain from using excessive force against others, including decedent WALLS.

24.  That at all times relevant hereto, it was the duty of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually and as officers, agents and/or employees of the CITY OF CHICAGO, to refrain from using excessive force against others, including decedent WALLS.

25.  That at all times relevant hereto, defendant CITY OF CHICAGO, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, owed a duty of care to plaintiff to refrain from using unreasonable excessive force against others, including decedent WALLS.

26.  That at all times relevant hereto, it was the duty of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually and as officers, agents and/or employees of the CITY OF CHICAGO, to refrain from using unreasonable excessive force against others, including decedent WALLS.

27. That at all times relevant hereto, Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were authorized officers, agents, and employees of the Chicago Police Department and CITY OF CHICAGO were acting in the course of his employment and under color of state law.

28. That at all times relevant hereto, the aforementioned conduct of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, constituted excessive force in violation of the United States Constitution.

29. That at all times relevant hereto, the aforementioned conduct of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, constituted unreasonable excessive force in violation of the United States Constitution.

30. That at all times relevant hereto, the actions of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were objectively unreasonable and were undertaken intentionally with willful indifference to WALLS' constitutional rights.

31. That at all times relevant hereto, the actions of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, used such force.

32. That at all times relevant hereto, the actions of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were undertaken with malice, willfulness, and reckless indifference to the rights of FARMER.

33. That as a proximate cause of Defendants, Officers' ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, unreasonable and excessive use of force, decedent WALLS experienced conscious pain and suffering.

34. That as a further proximate cause of Defendants, Officers' ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, unjustified and excessive use of force, decedent WALLS ultimately expired.

35. At the time of his death, WALLS, deceased, left surviving him a mother, father, and siblings, all who were dependent upon the decedent for their support.

36. As a further proximate cause of Defendants', Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, unjustified and excessive use of force, decedent WALLS' mother, father, and siblings, have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

37. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages against the individual officers, and for any further relief this Court deems just.

**COUNT II – WRONGFUL DEATH—WILLFUL AND WANTON**
*(Plaintiff v. City of Chicago and Cabral, Hernandez and Belmontes)*

1-37. Plaintiff hereby incorporates by reference paragraphs one through thirty-seven (1-37) as though fully stated and plead herein.

38. That at all times relevant hereto, defendant CITY OF CHICAGO, acting by and through its duly authorized officer, agent, representative and/or employee, including but not limited to Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, owed a duty of care to plaintiff to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WALLS.

39. That at all times relevant hereto, it was the duty of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually and as officers, agents and/or employees of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WALLS.

40. Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually and as officers, agents and/or employees of defendant CITY OF CHICAGO, breached the aforementioned duty by committing one or more of the following willful and wanton actions:

  a. With utter indifference and conscious disregard, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, pointed his weapon at decedent WALLS under circumstances where the decedent posed no immediate threat or danger either to the Officers ALEJANDRO CABRAL ROBERT HERNANDEZ, and JUAN BELMONTES, or the public;

  b. With utter indifference and conscious disregard, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, placed his finger on the trigger of his service weapon while pointing his weapon at decedent WALLS under circumstances where the decedent posed no immediate threat or danger either to the Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, or the public;

  c. With utter indifference and conscious disregard, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, used deadly force against decedent WALLS under circumstances where the decedent posed no immediate threat or danger to the Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, or the public;

    d. With utter indifference and conscious disregard, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, shot decedent WALLS, who was posing no immediate threat or danger to the Officers ALEJANDRO CABRAL ROBERT HERNANDEZ, and JUAN BELMONTES, or the public; and,

    e. With utter indifference and conscious disregard, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, used deadly force against decedent WALLS under circumstances where the decedent was subdued.

41. As a direct and proximate result of the shots fired by Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually and as officer, agent and/or employee of defendant CITY OF CHICAGO, the plaintiff's decedent, WALLS, sustained substantial injuries and ultimately expired.

42. As a further direct and proximate result of the shots fired by Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, decedent WALLS' mother father and siblings, have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

43. At the time of his death, WALLS, deceased, left surviving him a mother, father and sibling, all who were dependent upon the decedent for their support.

44. That Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, brings this cause of action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/2.1.

45. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding

compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages against the individual officers, and for any further relief this Court deems just.

### COUNT III – SURVIVAL ACTION—WILLFUL AND WANTON
*(Plaintiff v. City of Chicago and Cabral, Hernandez and Belmontes)*

1-45. Plaintiff hereby incorporates by reference paragraphs one through forty-five (1-45) as though fully stated and plead herein.

46. That as a proximate cause of Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, unjustified and excessive use of force, prior to his death, WALLS, deceased, was caused to be injured, experiencing extreme and severe pain and physical and emotional suffering, and sustained damages of a personal and pecuniary nature, and had he lived, he would have been entitled to bring this action and said action has survived him.

47. Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, brings this cause of action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

48. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages against the individual officers, and for any further relief this Court deems just.

### COUNT IV – RESPONDEAT SUPERIOR
*(Plaintiff v. City of Chicago and Cabral, Hernandez and Belmontes)*

1-48. Plaintiff hereby incorporates by reference paragraphs one through forty-eight (1-48) as though fully stated and plead herein.

49. In committing the acts alleged in the preceding paragraphs, the defendants Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were members of, and acting as agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment.

50. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents, including those committed by Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES.

51. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages against the individual officers, and for any further relief this Court deems just.

## COUNT V – INDEMNIFICATION
*(Plaintiff v. City of Chicago and Cabral, Hernandez and Belmontes)*

1-51. Plaintiff hereby incorporates by reference paragraphs one through fifty-one (1-51) as though fully stated and plead herein.

52. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

53. The defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, are employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

54. The defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

55. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages, and for any further relief this Court deems just.

56. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages against the individual officers, and for any further relief this Court deems just.

        Respectfully Submitted,
        ROMANUCCI & BLANDIN, LLC

        /s/ Rebekah L. Williams
        Attorney for Plaintiff

Antonio M. Romanucci
Rebekah L. Williams
**ROMANUCCI & BLANDIN, LLC**
33 North LaSalle Street
20th Floor
Chicago, Illinois 60602
(312) 458-1000
(312) 458-1004 *facsimile*
ARDC No.: 6190290 (*Romanucci*)
ARDC No.: 6307331 (*Williams*)

**Certificate of Service**

I certify that on the 11th day of October, 2012, a copy of "**Plaintiff's First Amended Complaint at Law**" was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Rebekah L. Williams
Rebekah L. Williams