IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| ATG TRUST COMPANY, N.A. ) | | |
| as Independent Administrator of the Estate of ) | Court No. 12 CV 05275 | |
| KARAKA WALLS, Deceased, ) | | |
|  ) | | |
| Plaintiff, ) | JUDGE NORGLE | |
|  ) | | |
| vs. ) | Magistrate Judge Valdez | |
|  ) | | |
| CITY OF CHICAGO, a Municipal Corporation, ) | | |
| and ALEJANDRO CABRAL, ROBERT ) | | |
| HERNANDEZ, and JUAN BELMONTES, ) | | |
| Officers of the Chicago Police Department, ) | | |
|  ) | | |
| Defendants. ) | | |

### DEFENDANTS JOINT ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants, City of Chicago, ("City"), and Chicago Police Officers Alejandro Cabral ("Officer Cabral"), Robert Hernandez ("Officer Hernandez"), and Juan Belmontes ("Officer Belmontes"), through one of their attorneys, Brendan Moore, Assistant Corporation Counsel, answers the Complaint and state:

### JURY DEMAND

1. The Plaintiff hereby demands a trial by jury.

**ANSWER**: **Admit.**

### NATURE OF ACTION

2. This cause of action arises out of the shooting death of Plaintiffs decedent, KARAKA WALLS (hereinafter referred to as "WALLS") caused by defendant officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, on December 28, 2011, at or near 9544 South Avenue L in Chicago, Illinois.

**ANSWER**: **Defendants admit that Plaintiff purports to bring this action as a result of the shooting death of Plaintiff's decedent, Karaka Walls, but deny the remaining allegations**

**contained in this paragraph and deny any wrongdoing complained of in this complaint.**

3. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against the CITY OF CHICAGO and Chicago Police Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually.

**ANSWER**: **Defendants admit the allegations contained in this paragraph.**

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S. C. § 1331 over Plaintiffs § 1983 claim.

**ANSWER**: **Defendants admit that jurisdiction is proper.**

5. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367 because said claims are so related to Plaintiffs § 1983 claim, which is within this Court's original jurisdiction, since they arise out of the same case or controversy, the shooting death of WILSON, under Article III of the United States Constitution.

**ANSWER**: **Defendants admit that the court has supplemental jurisdiction over the state claims brought in this action, but deny that the case or controversy from which they arise is the shooting death of "Wilson."**

6. Venue is proper herein under 28 U.S.C. § 1391(b) since the parties reside, or, at the time the events took place, formerly resided in this judicial district, and the events giving rise to the claims asserted herein occurred here as well.

**ANSWER**: **Defendants admit that venue is proper.**

## PARTIES

7. Defendant, CITY OF CHICAGO, is a municipal corporation organized under the laws of the State of Illinois.

**ANSWER**: **Defendants admit the allegations contained in this paragraph**.

8. That at all times relevant hereto, Defendant, CITY OF CHICAGO, was a municipal corporation maintaining, as a division of said municipal corporation, a certain police department, commonly referred to as the Chicago Police Department.

**ANSWER**: **Defendants admit the allegations contained in this paragraph**.

9. That at all times relevant hereto, Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were employed as Chicago Police Department Officers. (See Doc. 12).

**ANSWER: Defendants admit that Chicago Police Officers Cabral, Hernandez, and Belmontes were employed as Chicago Police Officers.**

10. That at all times relevant hereto, Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were acting in their scope of employment as officers employed by Chicago Police Department Officers with the Defendant, CITY OF CHICAGO, and were acting under the color of law.

**ANSWER: Defendants admit that the Officers Cabral, Hernandez, and Belmontes were acting in their scope of employment as officers employed by Chicago Police Department and were acting under color of law.**

11. That at all times relevant hereto, and at the time of his death on December 28, 2011, KARAKA WALLS (hereinafter referred to as "WALLS"), deceased, was a citizen of the United States and a resident of Cook County, Illinois.

**ANSWER: On information and belief, Defendants admit that, at all times relevant hereto, Karaka Walls was a resident of Cook County, Illinois, but lack sufficient knowledge and information to form a belief as to the truth of the allegation that Karaka Walls was a citizen of the United States.**

12. That on May 29, 2012, Plaintiff, ATG TRUST COMPANY, N.A., was appointed as the Independent Administrator for the Estate of WALLS by the Probate Division of the Circuit Court of Cook County, No. 2012 P 002463.

**ANSWER: On information and belief, Defendants admit the allegations contained in this paragraph.**

## FACTUAL ALLEGATIONS

13. That on December 28, 2011, Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, while on duty as Chicago Police Officers, responded to an alleged domestic battery at or around 9544 South A venue L in Chicago, Illinois.

**ANSWER: Defendants admit that on December 28, 2011, Chicago Police Officers**

**Cabral, Hernandez, and Belmontes, on duty as Chicago Police Officers, responded to an alleged battery at or around 9544 South Avenue L in Chicago, Illinois.**

14. That on said date and at said location, WALLS, had allegedly been involved in a verbal altercation with a neighbor, Kenny Jones, at the home WALLS shared with his family which was a third floor apartment located at 9544 South A venue L in Chicago, Illinois.

**ANSWER:** **Defendants lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore these allegations are deemed denied.**

15. That on said date and at said location, several members of WALLS' family and Kenny Jones were also present in the third floor apartment located at 9544 South Avenue L in Chicago, Illinois when the Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, arrived.

**ANSWER:** **Defendants admit the allegations contained in this paragraph.**

16. That on said date and at said location, when the Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, arrived, WALLS, was in the possession of a knife and was holding said knife down by his side.

**ANSWER:** **Defendants admit that Walls was in possession of a knife, but deny that Walls was holding said knife down by his side.**

17. That on said date and at said location, when the Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, arrived, Kenny Jones, was several feet away from WALLS.

**ANSWER:** **Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore these allegations are deemed denied.**

18. That Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, without lawful cause, need, or explanation, pulled out their service pistols and opened fire on WALLS, shooting him several times.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

19. That as a result of the shots, WALLS fell to the ground.

**ANSWER**: **Defendants admit that, at some point, as a result of the shots, Walls fell to the ground.**

20. That WALLS, as a result of the multiple gunshot wounds, was pronounced dead on or about December 28, 2011.

**ANSWER**: **On information and belief, Defendants admit the allegations contained in this paragraph.**

21. That at all times relevant hereto, Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, used inappropriate, unwarranted, and unjustifiable force against WALLS when Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, fired multiple shots at WALLS at close range, striking WALLS repeatedly.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

22. That at all times relevant hereto, WALLS, remained in a stationary position holding the knife in his possession with the blade pointed down by his side, and posed no threat of harm to Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, or the public.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

### COUNT I - 42 U.S.C. §1983-EXCESSIVE FORCE
(*Plaintiff v: City of Chicago and Cabral, Hernandez and Belmontes*)

1-22. Plaintiff hereby incorporates by reference paragraphs one through twenty-two (1-22) as though fully stated and plead herein.

**ANSWER**: **Defendants reassert their answers contained in paragraphs one through twenty-two (1-22) and incorporate their answers herein, as though fully stated**.

23. That at all times relevant hereto, defendant CITY OF CHICAGO, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, owed a duty of care to plaintiff to refrain from using excessive force against others, including decedent WALLS.

**ANSWER**: **Because claims of violations of 4th amendment rights secured by the Constitution are evaluated under a standard of objective reasonableness, and do not**

concern a duty of care, Defendants deny the allegations contained in this paragraph and deny that unreasonable force was used.

24. That at all times relevant hereto, it was the duty of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually and as officers, agents and/or employees of the CITY OF CHICAGO, to refrain from using excessive force against others, including decedent WALLS.

**ANSWER**: **Because claims of violations of 4th amendment rights secured by the Constitution are evaluated under a standard of objective reasonableness, and do not concern a duty of care, Defendant City denies the allegations contained in this paragraph and denies unreasonable force was used. Answering further, Defendant Officers Cabral, Hernandez, and Belmontes lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore these allegations are deemed denied.**

25. That at all times relevant hereto, defendant CITY OF CHICAGO, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, owed a duty of care to plaintiff to refrain from using unreasonable excessive force against others, including decedent WALLS.

**ANSWER**: **Because claims of violations of 4th amendment rights secured by the Constitution are evaluated under a standard of objective reasonableness, and do not concern a duty of care, Defendants deny the allegations contained in this paragraph and deny unreasonable force was used.**

26. That at all times relevant hereto, it was the duty of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually and as officers, agents and/or employees of the CITY OF CHICAGO, to refrain from using unreasonable excessive force against others, including decedent WALLS.

**ANSWER**: **Defendants admit that all persons, including decedent Walls, had a right to be free from unreasonable or excessive force by Chicago Police Officers, but deny any duty**

**of care was owed and denies unreasonable force was used.**

27. That at all times relevant hereto, Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were authorized officers, agents, and employees of the Chicago Police Department and CITY OF CHICAGO were acting in the course of his employment and under color of state law.

**ANSWER**: **Defendants admit the allegations contained in this paragraph.**

28. That at all times relevant hereto, the aforementioned conduct of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, constituted excessive force in violation of the United States Constitution.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

29. That at all times relevant hereto, the aforementioned conduct of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, constituted unreasonable excessive force in violation of the United States Constitution.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

30. That at all times relevant hereto, the actions of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were objectively unreasonable and were undertaken intentionally with willful indifference to WALLS' constitutional rights.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

31. That at all times relevant hereto, the actions of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, would not be considered reasonable by a reasonably competent police officer in the circumstances presented at the exact time that Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, used such force.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

32. That at all times relevant hereto, the actions of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were undertaken with malice, willfulness, and reckless indifference to the rights of FARMER.

**ANSWER**: **Defendants deny the allegations contained in this paragraph as they pertain to Walls, but lack sufficient knowledge and information to form a belief as to the truth of the allegations as to "Farmer," and therefore those allegations are deemed denied.**

33. That as a proximate cause of Defendants, Officers' ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, unreasonable and excessive use of force, decedent WALLS experienced conscious pain and suffering.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

34. That as a further proximate cause of Defendants, Officers' ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, unjustified and excessive use of force, decedent WALLS ultimately expired.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

35. At the time of his death, WALLS, deceased, left surviving him a mother, father, and siblings, all who were dependent upon the decedent for their support.

**ANSWER**: **Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore these allegations are deemed denied.**

36. As a further proximate cause of Defendants', Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, unjustified and excessive use of force, decedent WALLS' mother, father, and siblings, have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

37. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages against the individual officers, and for any further relief this Court deems just.

**ANSWER**: **WHEREFORE, Defendants request this Court enter judgment in its favor as to Count I and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court deems just and proper.**

### COUNT II - WRONGFUL DEATH-WILLFUL AND WANTON
(*Plaintiff v. City of Chicago and Cabral, Hernandez and Belmontes*)

1-37. Plaintiff hereby incorporates by reference paragraphs one through thirty-seven (1-

37) as though fully stated and plead herein.

**ANSWER**: **Defendants reassert their answers contained in paragraphs one through thirty-seven (1-37) and incorporate their answers herein, as though fully stated**.

38. That at all times relevant hereto, defendant CITY OF CHICAGO, acting by and through its duly authorized officer, agent, representative and/or employee, including but not limited to Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, owed a duty of care to plaintiff to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WALLS.

**ANSWER**: **Defendants admit the allegations contained in this paragraph.**

39. That at all times relevant hereto, it was the duty of Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually and as officers, agents and/or employees of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WALLS.

**ANSWER**: **Defendants admit the allegations contained in this paragraph, but deny that their conduct endangered the safety of others.**

40. Defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually and as officers, agents and/or employees of defendant CITY OF CHICAGO, breached the aforementioned duty by committing one or more of the following willful and wanton actions:

   a. With utter indifference and conscious disregard, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, pointed his weapon at decedent WALLS under circumstances where the decedent posed no immediate threat or danger either to the Officers ALEJANDRO CABRAL ROBERT HERNANDEZ, and JUAN BELMONTES, or the public;

   b. With utter indifference and conscious disregard, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, placed his finger on the trigger of his service weapon while pointing his weapon at decedent WALLS under circumstances where the decedent posed no immediate threat or danger either to the Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, or the public;

   c. With utter indifference and conscious disregard, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, used deadly force against decedent WALLS under circumstances where the decedent posed no immediate threat or danger to the Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, or the public;

d. With utter indifference and conscious disregard, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, shot decedent WALLS, who was posing no immediate threat or danger to the Officers ALEJANDRO CABRAL ROBERT HERNANDEZ, and JUAN BELMONTES, or the public; and,

e. With utter indifference and conscious disregard, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, used deadly force against decedent WALLS under circumstances where the decedent was subdued.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

41. As a direct and proximate result of the shots fired by Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, individually and as officer, agent and/or employee of defendant CITY OF CHICAGO, the plaintiffs decedent, WALLS, sustained substantial injuries and ultimately expired.

**ANSWER**: **Defendants admit that they fired their weapons at Walls and that he died as a result of his injuries, deny the remaining allegations contained in this paragraph and deny any wrongdoing complained of in this complaint.**

42. As a further direct and proximate result of the shots fired by Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, decedent WALLS' mother father and siblings, have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

43. At the time of his death, WALLS, deceased, left surviving him a mother, father and sibling, all who were dependent upon the decedent for their support.

**ANSWER**: **Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph, and therefore these allegations are deemed denied.**

44. That Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, brings this cause of action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 18012.1.

**ANSWER**: On information and belief, Defendants admit that ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, purports to bring this cause of action pursuant to the Wrongful Death Act of Illinois, 740 ILCS 180/2.1, but deny any wrongdoing complained of in this complaint.

45. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages against the individual officers, and for any further relief this Court deems just.

**ANSWER**: **Plaintiff is not entitled to punitive damages and attorneys' fees, in its state wrongful death claim and therefore, this request must be stricken from Plaintiff's complaint. Defendants request this Court enter judgment in its favor as to Count II and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court deems just and proper.**

### COUNT III - SURVIVAL ACTION-WILLFUL AND WANTON
(*Plaintiff v. City of Chicago and Cabral, Hernandez and Belmontes*)

1-45. Plaintiff hereby incorporates by reference paragraphs one through forty-five (1-45) as though fully stated and plead herein.

**ANSWER**: **Defendants reassert their answers contained in paragraphs one through forty-five (1-45) and incorporate their answers herein, as though fully stated**.

46. That as a proximate cause of Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, unjustified and excessive use of force, prior to his death, WALLS, deceased, was caused to be injured, experiencing extreme and severe pain and physical and emotional suffering, and sustained damages of a personal and pecuniary nature, and had he lived, he would have been entitled to bring this action and said action has survived him.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

47. Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, brings this cause of action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6.

**ANSWER**: On information and belief, Defendants admit that ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of Karaka Walls, deceased, purports to bring this cause of action pursuant to the Survival Act of Illinois, 755 ILCS 5/27-6, but deny any wrongdoing complained of in this complaint.

48. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages against the individual officers, and for any further relief this Court deems just.

**ANSWER**: Plaintiff is not entitled to punitive damages in its state wrongful death claim and therefore, this request must be stricken from Plaintiff's complaint. Defendants request this Court enter judgment in their favor as to Count III and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court deems just and proper.

## COUNT IV - RESPONDEAT SUPERIOR
(*Plaintiff v; City of Chicago and Cabral, Hernandez and Belmontes*)

1-48. Plaintiff hereby incorporates by reference paragraphs one through forty-eight (1-48) as though fully stated and plead herein.

**ANSWER**: Defendants reassert their answers contained in paragraphs one through forty-eight (1-48) and incorporate their answers herein, as though fully stated.

49. In committing the acts alleged in the preceding paragraphs, the defendants Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were members of, and acting as agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment.

**ANSWER**: Defendants admit that Chicago Police Officers who responded to the call for help were members of, and acting as agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment, but deny that these Officers committed the acts alleged in the preceding paragraphs and deny any wrongdoing

complained of in this complaint.

50. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents, including those committed by Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES.

**ANSWER**: **Defendants deny plaintiff's legal conclusions as alleged in this paragraph.**

51. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages against the individual officers, and for any further relief this Court deems just.

**ANSWER**: **Plaintiff is not entitled to punitive damages in its state wrongful death claim and therefore, this request must be stricken from Plaintiff's complaint. Defendants request this Court enter judgment in its favor as to Count IV and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court deems just and proper.**

### COUNT V - INDEMNIFICATION
(*Plaintiff v. City of Chicago and Cabral, Hernandez and Belmontes*)

1-51. Plaintiff hereby incorporates by reference paragraphs one through fifty-one (1-51) as though fully stated and plead herein.

**ANSWER**: **Defendants reassert their answers contained in paragraphs one through fifty-one (1-51) and incorporate their answers herein, as though fully stated.**

52. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**: **Defendants deny Plaintiff's legal conclusions as alleged in this paragraph.**

53. The defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, are employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**: **Defendants admit that Defendant Officers were acting within the scope of their employment, but deny the remaining allegations contained in this paragraph.**

54. The defendants, Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**: **Defendants admit that Defendant Officers were acting within the scope of their employment, but deny the allegations contained in this paragraph.**

55. WHEREFORE, Plaintiff, ATG TRUST COMPANY, N.A., as Independent Administrator of the Estate of KARAKA WALLS, deceased, respectfully requests that this Court enter judgment against Defendants, CITY OF CHICAGO, a municipal corporation, and Officers ALEJANDRO CABRAL, ROBERT HERNANDEZ, and JUAN BELMONTES, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages, and for any further relief this Court deems just.

**ANSWER**: **Plaintiff is not entitled to attorneys' fees and punitive damages and therefore, this request must be stricken from Plaintiff's complaint. Defendants request this Court enter judgment in their favor as to Count V and against Plaintiff and enter any other relief in favor of them and against Plaintiff that this Court deems just and proper.**

## AFFIRMATIVE DEFENSES

1. Defendant Officers Cabral, Hernandez, and Belmontes are entitled to qualified immunity. They are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed their actions to be lawful, in light of clearly established law and the information Defendants possessed.

2. Any award of damages against the Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages. In addition, at the time of the actions alleged in Plaintiff's Complaint, 735

ILCS 5/2-1116 (1992) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

3. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2006).

4. Under Section 202 of the Tort Immunity Act, Defendants are not liable for injuries claimed in Plaintiff's state law claim because, as public employees, they are not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2004). Defendants were engaged in the execution and enforcement of the law and their conduct was not willful and wanton.

5. Under Section 204 of the Tort Immunity Act, Defendants were not liable for the injuries claimed under Plaintiff's state law claim because they are not liable for injuries caused by the acts or omission of other persons. 745 ILCS 10/2-204 (2006).

6. Under Section 109 of the Tort Immunity Act, the City of Chicago is not liable to Plaintiff if its employees are not liable to plaintiff. 745 ILCS 10/2-109 (2006).

7. Under Section 102 of the Tort Immunity Act, the City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102 (2006).

## JURY DEMAND

The Defendants request trial by jury.

Respectfully submitted,

/s/ *Brendan Moore*
Brendan Moore
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-9602
ATTY NO. 6293415